UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) </br> ) </br> Plaintiff, ) </br> ) </br> vs. ) </br> ) </br> DOYLE L. FOULKS, ) </br> ) </br> Defendant. ) | Case No. 1:12CR 77 SNLJ |

## REPORT AND RECOMMENDATION

The defendant is charged with on or about February 15, 2012, in Ripley County, Missouri, knowingly and intentionally possessing with intent to distribute five grams or more of methamphetamine.

As the defendant states in Defendant's Motion to Suppress Evidence (Document #18), on February 15, 2012, an application for a search warrant was submitted by the prosecuting attorney of Ripley County, Missouri. On February 15, 2012, a judge for Ripley County, Missouri, granted the application for the warrant. The place to be searched was the residence of Doyle Foulks, the defendant, residing at HC6, Box 70G, Doniphan, Missouri. The items to be seized were "controlled substances to include methamphetamine, items used to manufacture methamphetamine, drug paraphernalia, records and ledgers pertaining to the sale of methamphetamine." On February 15, 2012, officers executed the search warrant at the defendant's residence. (Defendant's Motion to Suppress Evidence, pp. 1-2).

The application for the search warrant was supported by an affidavit by Brian R. Arnold, a

member of the Missouri State Highway Patrol assigned to the Southeast Missouri Drug Task Force.

The defendant in his motion attacks various parts of Officer Arnold's affidavit. The criticisms of the affidavit of the defendant are: (1) the affidavit does not state that the informant actually bought methamphetamine from the defendant; (2) the affidavit does not provide any date for when the controlled buy took place; (3) the affidavit does not provide any date for nearly all of the events that are alleged to have transpired in the affidavit; and (4) the only date referenced in the affidavit is the date the affiant claims to have interviewed his confidential informant. The motion to suppress concludes that without a sufficient temporal reference in the affidavit as to when the controlled buy occurred, the warrant lacked probable cause that there would actually be methamphetamine in the defendant's home at the time the warrant was issued. Moreover, the defendant argues, the affidavit mentions that the affiant's informant had previously purchased methamphetamine from the defendant "in the past." The allegations of previous purchases do not provide when or where they took place, nor does the affidavit make any claim that the affiant confirmed the veracity of these statements.

As a result of the alleged deficiencies in the affidavit, the defendant asserts that any and all incriminating evidence, oral or tangible, obtained by the execution of the search warrant issued on February 15, 2012, was obtained in violation of the defendant's rights under the laws and Constitution of the State of Missouri and the Constitution of the United States. The defendant asks that all such incriminating evidence be suppressed and not be received into evidence in this or any other prosecution against the defendant. (Defendant's Motion to Suppress Evidence, pp.2-3).

**Probable Cause**

The United States Supreme Court has defined probable cause to search as "a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332 (1983).

The standard to be used by a judge reviewing the decision to issue a search warrant is different from the standard to be used by the judge who issues the search warrant. As the Supreme Court stated in Gates more fully, Id.:

> The task of the issuing magistrate is simply to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for ... conclud[ing]" that probable cause existed. Jones v. United States, 362 U.S., at 271, 80 S.Ct., at 736.

The Supreme Court rejected the prior tests required by Spinelli v. United States, 393 U.S. 410, 898 S.Ct. 584 (1969), finding that "the complex superstructure of evidentiary and analytical rules that some have seen implicit" in the Spinelli decision cannot be reconciled with the fact that many warrants quite properly are "issued on the basis of non-technical, common sense judgments of laymen applying a standard less demanding than those used in more formal legal proceedings." Id. at 235-2331. The Court offered the following caution to reviewing courts, Id. at 236, 2331:

> Similarly, we have repeatedly said that after-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of de novo review. A magistrate's "determination of probable cause should be paid great deference by reviewing courts." Spinelli, supra, 393 U.S., at 419, 89 S.Ct., at 590. "A grudging or negative attitude by reviewing courts toward warrants," Ventresca,

> 380 U.S., at 108, 85 S.Ct., at 745, "is inconsistent with the Fourth Amendment's strong preference for searches conducted pursuant to a warrant; courts should not invalidate warrant[s] by interpreting affidavit[s] in a hypertechnical, rather than a common sense, manner." Id., at 109, 85 S.Ct., at 746.
>
> Probable cause is
>
>> a fluid concept--turning on the assessment of probabilities in particular factual contexts--not readily, or even usefully, reduced to a neat set of legal rules. Informants' tips doubtless come in many shapes and sizes from many different types of persons. As we said in Adams v. Williams, 407 U.S. 143, 147, 92 S.Ct. 1921, 1924, 32 L.Ed.2d 612 (1972): "Informants' tips, like all other clues and evidence coming to a policeman on the scene, may vary greatly in their value and reliability." Rigid legal rules are ill-suited to an area of such diversity.

Gates, 462 U.S. at 232, 103 S.Ct. at 2329.

The Supreme Court found, 462 U.S. at 231, 103 S.Ct. at 2328, quoting from Brinegar v. United States (citation omitted), that the probable cause standard is a "practical, nontechnical conception" and "In dealing with probable cause, ... as the very name implies, we deal with probabilities. These are not technical; that are the factual considerations of everyday life on which reasonable and prudent men, not legal technicians, act."

As the Supreme Court stated in Gates, our review of the sufficiency of the affidavit should not take the form of a de novo review.

This court will consider Officer Arnold's affidavit in light of the Supreme Court's Gates decision and the directions and cautions to the court contained in that decision.

The affidavit is that of Brian Arnold, a highway patrolman assigned to the Southeast Missouri Drug Task Force, who states he has received numerous hours of specialized training in narcotics investigations and has participated in several drug-related search warrants. (Affidavit, Government's Exhibit #2, ¶ 1).

Officer Arnold states that during the course of a drug investigation in Ripley County, Missouri, there has been developed information which leads him to believe that Doyle Foulks possesses methamphetamine at his residence which is specifically described in Doniphan, Ripley County, Missouri. (Exhibit #2, ¶ 2).

The affidavit continues that on February 15th, Officer Arnold and Ripley County Deputy Sheriff R. Phillips interviewed a confidential informant in Ripley County. Officer Arnold is familiar with the confidential informant because he has interviewed that person several times in the past regarding Doyle Foulks's distribution of methamphetamine. The confidential informant told Officer Arnold that the informant has received methamphetamine from Mr. Foulks numerous times in the past. (Exhibit #2, ¶ 3). The statements of a reliable confidential informant are themselves sufficient to support probable cause for a search warrant. See United States v. Wright, 145 F.3d 972, 975 (8th Cir. 1998) citing United States v. Pressley, 978 F.2d 1026, 1027 (8th Cir. 1992) (citing McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056 (1967)).

Was the confidential informant who talked to Officer Arnold reliable? The confidential informant told Officer Arnold that he/she has received methamphetamine from Foulks numerous times in the past. A confidential informant's statement of criminal activities is an admission of the confidential informant's participation in crimes and subjects him/herself to prosecution. This makes the confidential informant's information about such crimes reliable without reference of the proximity of those crimes to the time when the confidential informant is giving the information to the officer. United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075 (1971). The information concerning the prior purchases of methamphetamine by the confidential informant from Doyle Foulks is also reliable because it is based upon the personal observation of the informant. Draper

v. United States, 358 U.S. 307, 79 S.Ct. 329 (1959).

The affidavit continues that the confidential informant made a telephone call to Doyle Foulks and talked to him inquiring about obtaining a quantity of methamphetamine from Foulks. (Exhibit #2, ¶ 3). Again, personal involvement by the confidential informant provides reliability. Draper, supra. The purchase of methamphetamine which followed the phone call adds validity to the fact that the phone call took place.

Following the phone call, the usual precautions were taken for a controlled buy. The confidential informant was searched for contraband as was his/her vehicle. There was no contraband on the informant nor in the vehicle of the informant. A recording device was provided to the informant to record the buy from Foulks. Officer Arnold and Deputy Phillips followed the confidential informant and observed him/her arrive at the residence of Foulks and approach the residence. Obviously, the officers did not observe personally what went on inside the residence because they were not there. However, they did observe the confidential informant leave the residence and contacted the informant away from the residence. The recording device was retrieved and a bag containing suspected methamphetamine was taken from the confidential informant. The substance was field-tested and tested positive for methamphetamine. The confidential informant had no methamphetamine prior to the approach to the defendant's home. After returning from the defendant's home, he/she had methamphetamine. This court finds an illegal drug transaction took place at the home of Doyle Foulks. The events were observed by law enforcement. Information based upon observations of law enforcement officers or on his or her first-hand information should be accepted as reliable. United States v. Ventresca, 380 U.S. 102, 111, 85 S.Ct. 741, 747 (1965).

Although the defendant argues that the affidavit does not state that the informant actually bought methamphetamine from the defendant, the court has already found that the sale took place from the facts that the confidential informant had no methamphetamine before approaching the defendant's residence and when he left the defendant's residence and was searched he possessed methamphetamine.

The defendant claims in his motion that the affidavit does not provide any date for when the controlled buy took place. To the contrary, in ¶ 5 of the affidavit, Officer Arnold states "Based on the information and methamphetamine obtained from Foulks today" he had reason to believe there are additional illegal drugs or contraband at the Foulks's residence. "Today" is identified by the judge who placed the date in the affidavit "this 15th day of February, 2012."

The defendant urges that the affidavit does not provide any date for nearly all of the events that are alleged to have transpired in the affidavit. (Defendant's Motion to Suppress Evidence, ¶ 10). In ¶ 3, Officer Arnold says that he interviewed the confidential informant on February 15th. He does not say February 15th, 2012. Later, in ¶ 5 of the affidavit, Officer Arnold says that he is basing his belief in probable cause on the information and methamphetamine obtained from Foulks "today," which date is identified by the judge when the judge wrote that the affidavit was subscribed and sworn to before him on the 15th day of February, 2012. The applicant, Officer Arnold, signed the application before Billie J. VanCleve, a Notary Public, on the 15th day of February, 2012, at 3:40 P.M. The date and application are attested to by the Assistant Prosecuting Attorney who signed below the signature of Officer Arnold. On the face of the search warrant itself, the judge states that "Whereas on this 15th day of February, 2012, an application of issuance of a search warrant in writing, duly verified by oath or affirmation, has

been filed with the undersigned Judge of this Court ...." (Government's Exhibit #3), and the search warrant itself was issued and dated the 15th day of February, 2012, at 3:48 P.M., eight minutes after the sworn application was signed by Officer Arnold.

For this court to invalidate the affidavit in support of the application for the search warrant on the grounds that 2012 was left out of ¶ 3 of the affidavit and that the February 15th occurred previously as the defendant argued at the evidentiary hearing or that the affidavit and application and search warrant do not provide any date for nearly all the events that are alleged to have occurred in the affidavit would be the interpretation of the affidavit in a "hypertechnical, rather than a common sense, manner" criticized by the Supreme Court. Gates, 462 U.S. at 232, 103 S.Ct. at 2329. If the court followed the defendant's line of reasoning, the court would be ignoring the Supreme Court's direction to the reviewing court that "after-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of a de novo review." The original judge's determination of probable cause should be paid great deference by reviewing courts. "And the duty of a reviewing court is simply to insure that the magistrate [issuing judge] had a 'substantial basis for ... conclud[ing]' that probable cause existed." Gates, 462 U.S. at 238, 103 S.Ct. at 2332.

Again, Gates, quoting from Brinegar v. United States, found that the probable cause standard is a "practical, non-technical conception" and "In dealing with probable cause, ... as the very name implies, we deal with probabilities. These are not technical; they are the factual considerations of everyday life on which reasonable and prudent men, not legal technicians, act." Gates, 462 U.S. at 231, 103 S.Ct. at 2328.

The court finds that the information contained in Officer Arnold's affidavit was reliable

and provided "a fair probability that contraband or evidence of crime [would] be found in a particular place." Gates, 462 U.S. at 238, 103 S.Ct. at 2332. Consequently, this court finds that the search warrant in question was issued based on probable cause.

## United States v. Leon

At the evidentiary hearing, Officer Arnold testified that (and so stated in his sworn application for the search warrant) he believed he had probable cause to search Doyle Foulks's home. He testified he believed that the search warrant was a valid search warrant. The evidence seized at the defendant's residence on February 15th, 2012, was seized by officers relying on objective good faith upon a facially valid warrant. United States v. Leon, 468 U.S. 897 (1984).

The court finds the items seized from the defendant's residence were seized pursuant to a valid search warrant, should not be suppressed and are admissible in evidence. Even had the court not found that the search warrant was issued based on probable cause, in view of Officer Arnold's statements that he believed he had probable cause and was acting on a valid search warrant issued by the judge, in the execution of the search warrant, the items seized in the execution of the warrant would have been legally seized, should not be suppressed and are admissible in evidence at trial. Leon, supra.

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Suppress Evidence (Document #18) be denied.

The parties are advised that they have fourteen (14) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an

extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. <u>Thompson v. Nix</u>, 897 F.2d 356 (8th Cir. 1990).

_____
LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of November, 2012.